UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CARLOS A. BASTOS,<br>    Plaintiff,<br><br>v.<br><br>CAROL A MICI,[1] et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 21-10452-LTS |

MEMORANDUM AND ORDER

April 13, 2021

SOROKIN, J.

For the reasons set forth below, the court denies plaintiff's motion for appointment of counsel, allows plaintiff's Application to Proceed Without Prepayment of Fees and assesses an initial, partial filing fee payment. If plaintiff wishes to proceed with this action, the court grants him time to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

I.     BACKGROUND

On March 15, 2021, Carlos A. Bastos, an inmate confined to MCI Cedar Junction, filed a pro se complaint pursuant to 42 U.S.C. § 1983 against the Commissioner of Correction and the Superintendent of the Souza Baranowski Correctional Center ("SBCC") alleging failure to protect plaintiff from assault by a correctional officer at the Souza Baranowski Correctional Center. Specifically, Bastos alleges that in 2014 he was involved in a physical altercation with correctional officers at SBCC. Bastos alleges that he was subsequently charged with assault and was ordered

---

[1] The complaint misspells Commissioner Mici's name as "Micci." The Court will use the correct spelling and will direct the Clerk to correct the Commissioner's name on the docket.

not to have contact with the victims of the alleged assault.  In September 2019, Bastos "was placed on the same housing unit with the correctional officer that the plaintiff had a judge's court order to stay away and have no contact with." Compl. at p. 3.  There was also a similar "placement order by the Correctional Department." Id.  Plaintiff alleges that he "should not have been placed around this correctional officer due to the nature of prior incidents of a physical altercation" and that Bastos made "numerous attempts by writing letters to the Souza-Baranowski Correctional Center's Administration." Id.  Bastos alleges that on January 10, 2020, "the plaintiff and the same correctional officer, for the second time, entered into a physical altercation on the N-1 Housing Unit." Id.  Bastos "claims that by the neglect of the Department of Corrections, the plaintiff has suffered cruel and unusual punishment due to [the administration's] reckless indifference." Id.

II.     MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $52.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status.

Upon review of Bastos' financial disclosures in his *in forma pauperis* application and his prison account statement, this Court will ALLOW his Application to Proceed in District Court Without Prepaying Fees or Costs.  Nevertheless, because Bastos is a prisoner as defined by 28 U.S.C. § 1915(h), he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).  In light of this, Plaintiff will be assessed an initial partial filing fee of $21.15 pursuant to 28 U.S.C. § 1915(b)(1)(A), with the remainder of the fee, $328.85, to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

III.     SCREENING OF THE COMPLAINT

Because Bastos is a prisoner proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings *in forma pauperis*) and 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).  Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915 (e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Section 1915A also authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted).  The plausibility standard does not require a probability but is more than a mere possibility.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In conducting this review, the court liberally construes the complaint because Bastos is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

IV.     DISCUSSION

Here, the complaint fails to allege any facts that would support a claim against the two defendants.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Iqbal, 556 U.S. at 676.  Therefore, the complaint must sufficiently claim that Commissioner Mici and Superintendent Kenneway, through their own actions or omissions, violated the Constitution.  Id.  In the context of Section 1983 actions, supervisory liability typically arises in one of two ways: either the supervisor may be a "primary violator or direct participant in the rights-violating incident," or liability may attach "if a responsible official supervises, trains, or hires a subordinate with deliberate indifference towards the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation."  Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (quoting Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)).  Mere negligence will not suffice: the supervisor's conduct must evince "reckless or callous indifference to the constitutional rights of others." Febus–Rodríguez v. Betancourt–Lebrón, 14 F.3d 87, 92 (1st Cir.1994).

Here, the complaint fails to allege any facts concerning the direct involvement of Commissioner Mici and Superintendent Kenneway.  Although plaintiff alleges that he wrote letters to the SBCC Administration, such an allegation is insufficient to state a civil rights claim against Commissioner Mici or Superintendent Kenneway.

V.      MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  However, it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

4

Because of the above-identified pleading deficiencies, the Court finds that the plaintiff has not shown that appointment of counsel is warranted. The motion for counsel is therefore denied without prejudice.

VI.  **FILING OF AN AMENDED COMPLAINT**

If Bastos wishes to pursue this action, he must file an amended complaint that clearly identifies what each defendant did wrong and the legal claim against each defendant. As an amended complaint completely supersedes an original complaint, Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Bastos should repeat in the amended complaint anything from his original complaint that he wishes to be part of the amended complaint. In other words, in evaluating the sufficiency of the amended complaint, the court will not look to the original complaint.

VII.  CONCLUSION

Based upon the foregoing, it is it is hereby ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(2), Bastos is assessed an initial, partial filing fee of $21.15, pursuant to 28 U.S.C. § 1915(b)(1)(B). The remainder of the fee, $328.85, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).
2. Plaintiff's motion for appointment of counsel is denied without prejudice.
3. Plaintiff's claims against Commissioner Mici and Superintendent Kelly are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1).
4. The Clerk shall change on the docket the spelling of the Commissioner's name from "Micci" to "Mici."

5. If plaintiff wishes to proceed in this matter, he must file an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted. Failure to comply with this directive within thirty-five (35) days of the date of this Memorandum and Order will result in dismissal of this action.

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge